UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>2035 INC., a corporation, and<br>ROBERT L. LYTLE, an individual,<br>d/b/a 2035 PMA and QLASERS PMA,<br><br>    Defendants. | CIV. 14-5075-JLV<br><br>ORDER |

On October 13, 2015, the court entered an amended permanent injunction. (Docket 139). On December 3, 2015, Defendant Robert L. Lytle filed a notice of appeal. (Docket 147). On January 12, 2016, during the pendency of the appeal to the United States Court of Appeals for the Eighth Circuit, Mr. Lytle filed an amended petition for clarifications, constructive notice and declarations. (Docket 160). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Liddell by Liddell v. Board of Education of City of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). "Once the notice of appeal was filed, the district court had no jurisdiction to reconsider its prior decision." Id. at 823. "[W]hile an appeal is pending, the district court may

not reexamine or supplement the order being appealed." State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999).

"So complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequently to the filing of the notice of appeal." Knutson v. AG Processing, Inc., 302 F. Supp. 2d 1023, 1030 (N.D. Iowa 2004) (citing 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3949.1 (3d ed. 1999)).  However, notwithstanding the general rule, "the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." Id. at 1032 (citation and other references omitted).

Mr. Lytle's amended petition asks the court to answer questions and address issues concerning its authority to enter the amended permanent injunction.  (Docket 160).  The court is without jurisdiction to resolve Mr. Lytle's amended petition because his appeal addresses the very essence of the court's authority to enter the amended permanent injunction.

Accordingly, it is

ORDERED that Mr. Lytle's amended petition (Docket 160) is denied for lack of jurisdiction.

Dated March 30, 2016.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        CHIEF JUDGE