UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2035 INC., a corporation, and<br>ROBERT L. LYTLE, an individual<br>d/b/a 2035 PMA and QLASERS PMA,<br><br>Defendants. | 5:14-CV-05075-KES<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

This matter is before the court following the recusal of Chief Judge Jeffrey L. Viken from any further participation in this matter. Docket 167. Currently pending are nine motions filed by *pro se* defendant Robert L. Lytle, and one motion filed by plaintiff, the United States. Dockets 164, 165, 168, 170, 180, 181, 185, 187, 189, 191. For the reasons that follow, the court denies each of the pending motions.

### BACKGROUND

On October 21, 2014, the United States filed a complaint seeking a permanent injunction against the defendants under 21 U.S.C. § 332(a) for alleged violations of the Federal Food, Drug and Cosmetic Act (FDCA). Docket 1. The United States also filed a motion seeking a preliminary injunction to enjoin defendants from violating the FDCA during the pendency of the proceedings. Docket 4. After responding to the motion for the preliminary

injunction, Docket 28, Lytle filed various motions to dismiss challenging the court's personal and subject-matter jurisdiction. Dockets 37, 40.

On January 14, 2015, Chief Judge Viken denied Lytle's motions to dismiss finding that "[t]he court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties pursuant to 28 U.S.C. §§ 1331 and 1345 and 21 U.S.C. § 332." Docket 47 at 5. Chief Judge Viken also granted the United States's motion for a preliminary injunction. *Id.* at 15; Docket 48. Following this decision, Lytle filed an interlocutory appeal to the Eighth Circuit Court of Appeals challenging the court's jurisdiction and the preliminary injunction. *See* Docket 54.

While Lytle's interlocutory appeal was pending, litigation on the United States's request for a permanent injunction continued. Docket 71 (order by Chief Judge Viken denying Lytle's motion to stay proceedings during interlocutory appeals process); *see also* Docket 94 (order by the Eighth Circuit Court of Appeals denying Lytle's motion to stay proceedings during the interlocutory appeals process). A bench trial on the United States's request for a permanent injunction was held by Chief Judge Viken on March 3-4, 2015.[1] Docket 81. On April 15-16, 2015, Chief Judge Viken held a show cause hearing to determine whether to hold Lytle in contempt of court for alleged violations of

---

[1] Lytle voluntarily appeared and participated at the trial on the permanent injunction. Docket 81 at 1; Docket 88 at 1-13. Then, after Chief Judge Viken refused to recuse himself from the case or grant a continuance, Lytle—knowing that the court would continue to hold the bench trial without him—voluntarily exited the courtroom, and the bench trial continued. Docket 88 at 11-13. Lytle remained absent throughout the remainder of the trial. Docket 81.

2

the preliminary injunction. Docket 103. On April 16, 2015, this hearing was continued until October 6, 2015,[2] so Lytle could retain counsel. Docket 106.

On August 21, 2015, the Eighth Circuit issued an opinion on Lytle's interlocutory appeal. *Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861 (8th Cir. 2015) (*per curiam*). In the opinion, the Eighth Circuit affirmed Chief Judge Viken's finding that the court had jurisdiction over Lytle's alleged violations of the FDCA. *See id.* at 862 ("That a product is sold through a PMA [(Private Membership Association)] does not exempt it from the application of this provision." (citing 21 U.S.C. § 321(e) (person subject to FDCA includes association))). While concluding that the United States was entitled to preliminary injunctive relief, the Eighth Circuit remanded the case for a determination of "whether a more narrowly-tailored injunction might be sufficient . . . ." *Id.* at 863. The Eighth Circuit panel also observed that reconsideration of the preliminary injunction on remand "may become moot" by the entry of a permanent injunction. *Id.*

Following the Eighth Circuit's decision on Lytle's interlocutory appeal, Lytle filed a motion in the district court seeking reconsideration of the preliminary injunction. Docket 128. This motion raised eight objections that challenged the scope of the preliminary injunction. *Id.* The United States

---

[2] During the show cause hearing on April 16, 2015, the United States called Lytle as an adverse witness. Docket 103. After a discussion between the parties and Chief Judge Viken, Lytle decided to assert his Fifth Amendment right against self-incrimination and received a continuance to retain counsel. *Id.* On July 2, 2015, attorney Jay Shultz filed a notice of appearance as counsel for Lytle. Docket 112.

3

opposed Lytle's motion and requested that Chief Judge Viken enter a permanent injunction on the same terms as the preliminary injunction. Docket 132 at 22-23.

On October 6, 2015, the show cause hearing resumed with Chief Judge Viken recounting what happened on April 15-16, 2015, and describing the events that led to the hearing being continued. Docket 154 at 3-8 (transcript of show cause hearing on October 6, 2015). Next, Chief Judge Viken and the parties discussed whether the United States still intended to call Lytle as an adverse witness and the potential Fifth Amendment implications associated with calling Lytle as an adverse witness. *Id.* at 8-22. At the conclusion of this discussion, Shultz, as Lytle's attorney, articulated what he believed the impact of the Eighth Circuit's decision was on Lytle's interlocutory appeal and noted the Eighth Circuit's observation that the entry of a permanent injunction may moot any issues related to the preliminary injunction. *Id.* at 23. Shultz then remarked that "I am here to say on behalf of Mr. Lytle that we have no objection to the entry of permanent injunction . . . with the proviso that the Court rules upon the matters presented by defendant Lytle's motion for reconsideration following remand." *Id.* at 23-24.[3] After a discussion regarding

---

[3] Shultz later reiterated this position during a discussion about the best way to address Lytle's objections to the preliminary injunction:

> It's Mr. Lytle's position here today, Your Honor, that with the proviso that once the Court has ruled on the matters—because I think the same matters that are brought forth on and covered in his motion to narrow the scope of preliminary injunction also pertain to the permanent injunction. And as long as those matters are dealt with by the Court, both here concerning the preliminary

4

how to move forward in addressing Lytle's objections, it was agreed that Chief Judge Viken would rule on each of Lytle's eight objections and then enter an order regarding a permanent injunction taking into consideration his rulings on Lytle's objections. *Id.* at 24-34.

Prior to entering the permanent injunction, Chief Judge Viken granted the United States time to re-draft the permanent injunction in light of his rulings on Lytle's objections. *Id.* at 73-76. It was then agreed by the parties that Chief Judge Viken would go through the draft of the permanent injunction to address any final objections by the parties. *Id.* at 74-76. After ruling on the various objections to the final draft of the permanent injunction, *see id.* at 77-146 (transcript of objections and discussion of permanent injunction draft), Chief Judge Viken entered an order granting the permanent injunction. Docket 138. The permanent injunction was amended on October 13, 2015, to make grammatical and non-substantive revisions. Docket 139 (Amended Permanent Injunction).

On November 25, 2015, Shultz, with Lytle's consent, filed a motion to withdraw as counsel for Lytle. Docket 143; *see also* Docket 150 (order granting Shultz's motion to withdraw). On December 3, 2015, Lytle filed a notice of

---

> injunction, but applying to the permanent injunction, that at this point we—and I am speaking for Mr. Lytle—are in agreement with the government that the Court can simply enter permanent injunction which would obviate any further proceedings having to do with the preliminary injunction.

Docket 154 at 28. Lytle, who was present in the courtroom when Shultz addressed Chief Judge Viken, did not indicate that he disagreed with Shultz's representations on his behalf. *See id.* at 23-24, 28-34.

5

appeal from the Amended Permanent Injunction with the Eighth Circuit Court of Appeals. Docket 147. On September 6, 2016, the Eighth Circuit affirmed Chief Judge Viken's entry of the Amended Permanent Injunction. *United States v. 2035, Inc.*, 668 F. App'x 679 (8th Cir. 2016) (*per curiam*). In the opinion, the Eighth Circuit found that the court had jurisdiction over Lytle's case to enter a permanent injunction. *Id.* at 679 (citations omitted) ("We find that the district court had federal question jurisdiction over this action . . . ."). The Eighth Circuit also concluded that Chief Judge Viken's Amended Permanent Injunction order "was narrowly tailored to correct Lytle's violations of the FDCA . . . ." *Id.* (citing Fed. R. Civ. P. 65(d) and *Doe v. S. Iron R-1 Sch. Dist.*, 498 F.3d 878, 884 (8th Cir. 2007)).

**DISCUSSION**

**I.    Lytle's Motions to Dismiss.**

Currently, Lytle has four motions pending that seek to dismiss his case on various grounds. *See* Dockets 165, 170, 185, 187. Lytle's first two motions to dismiss seek to challenge the court's jurisdiction over Lytle personally and over his case. *See* Docket 165 at 3; Docket 170 at 14. Lytle's last two motions to dismiss seek dismissal on non-jurisdictional grounds. Docket 185 at 1; Docket 187 at 5. The United States argues that Lytle's jurisdictional arguments are the same arguments that the Eighth Circuit has twice rejected and should be denied under the law of the case doctrine. Docket 176 at 2-3 (citing *Arizona v. California*, 460 U.S. 605, 619 (1983)). The United States further argues that

6

Lytle's most recent motions to dismiss should fail because the motions were procedurally improper at the time they were filed.[4] *See* Docket 188 at 5-6.

### A. The Law of the Case Doctrine Bars Lytle's Jurisdictional Challenges.

The law of the case doctrine is "a means to prevent the relitigation of a settled issue in a case." *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (citing *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). "The doctrine 'requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" *Id.* (quoting *Bartsh*, 69 F.3d at 866). Thus, where an appellate court renders a decision in a case and remands the case for further proceedings, "every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined, and the court on remand is bound by the decree and must carry it into execution according to the mandate." *Thompson v. Comm'r*, 821 F.3d 1008, 1011 (8th Cir. 2016) (citing *Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 784-85 (8th Cir. 1996)). Under the law of the case doctrine, a reexamination of a prior decision is only appropriate "if a prior decision 'is clearly erroneous and would work a manifest injustice . . . .'" *Id.* (quoting *Wong v. Wells Fargo Bank, N.A.*, 789 F.3d 889, 898 (8th Cir. 2015)).

---

[4] Because the United States addressed Lytle's motion to dismiss alleging that his right to a jury trial was violated (Docket 185) as a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, the court too will address that motion to dismiss in its Rule 60(b) analysis. *See infra* at 10-17.

Here, Lytle continues to argue that the court lacks jurisdiction over him and his case. Docket 165 at 3; Docket 170 at 14; *see also* Dockets 37, 40, 79, 144, 145 (previous motions to dismiss filed by Lytle arguing there was a lack of subject-matter or personal jurisdiction). Not only has Chief Judge Viken denied Lytle's motions to dismiss his case on jurisdictional grounds, Dockets 47, 96, 153, but the Eighth Circuit has twice denied Lytle's appeals in which he argued there was a lack of jurisdiction. First, in *Lytle*, 612 F. App'x at 861-62, the Eighth Circuit rejected Lytle's argument that "the FDA lacks regulatory jurisdiction over [Lytle's] marketing of laser devices because [Lytle] distributes them in non-commercial transactions through private membership associations (PMAs)." This is because the fact "[t]hat a product is sold through a PMA does not exempt it from the application of this provision." *Id.* at 862 (citing 21 U.S.C. § 321(e)) (person subject to FDCA includes association). Similarly in *2035, Inc.*, 668 F. App'x at 679, the Eighth Circuit again concluded that this court had federal question jurisdiction over Lytle's case that was sufficient to allow the court to enter a permanent injunction against Lytle. *Id.* (citations omitted) ("We find that the district court had federal question jurisdiction over this action . . . .").

Under the law of the case doctrine, this court is bound to follow the Eighth Circuit's decisions in this case unless such decisions are clearly erroneous and would work a manifest injustice on Lytle. *See Thompson*, 821 F.3d at 1011 (citation omitted). Lytle has made no showing that the Eighth Circuit's decisions—like Chief Judge Viken's decisions regarding Lytle's

8

jurisdictional challenges—are erroneous, let alone clearly erroneous. Thus, Lytle's motions challenging the court's personal and subject-matter jurisdiction are denied under the law of the case doctrine.

**B. Lytle's Remaining Motion to Dismiss is Procedurally Improper.**

Lytle's remaining motion to dismiss argues that he is entitled to dismissal of his case due to the United States's failure to register its use of his "registered fictitious business name."[5] *See* Docket 187 at 5. Lytle's motion to dismiss also accuses the United States of theft. *Id.* at 4 ("Theft of property is a crime."). In the court's view, Lytle's motion to dismiss (Docket 187) is not actually a motion to dismiss but rather is a counterclaim. Under the Federal Rules of Civil Procedure, for a counterclaim to be valid, the counterclaim must be stated within a pleading. *See* Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). Rule 7(a) of the Federal Rules of Civil Procedure lists all of the allowable pleadings in a case. Here, Lytle raises his counterclaim not in one of the pleadings listed under Rule 7(a) but in a motion to dismiss. Thus, because Lytle's counterclaim is improperly presented, it is denied.[6] *See N. Valley*

---

[5] Lytle registered the name "Robert Larry Lytle" as a fictitious business name with the South Dakota Secretary of State's Office on November 29, 2016, *see* Docket 187-1, and published notice of his fictitious business name, along with the requirements for obtaining a permit to use his registered fictitious business name, in the Native Sun News. Docket 187 at 2; *see also id.* at 4 (describing payment requirements for use of Lytle's registered fictitious business name).

[6] Lytle's purported theft claim must also be denied due to Lytle's failure to identify a waiver of sovereign immunity by the United States that would give this court jurisdiction over Lytle's counterclaim. *See F.D.I.C. v. Meyer*, 510 U.S.

9

*Commc'ns, LLC v. Qwest Commc'ns Co., LLC*, No. CIV 11-4052-KES, 2012 WL 523685, at *2 (D.S.D. Feb. 16, 2012) (denying counterclaim that was improperly raised in a motion).

**II.    Lytle's Motions seeking Rule 60(b) Relief.**

Lytle has filed several motions that seek relief from the Amended Permanent Injunction under Rules 60(b)(3), (4), (5), and (6) of the Federal Rules of Civil Procedure. Dockets 164, 180, 181, 185. Rule 60(b) "is not a vehicle for a simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994)). "Rule 60(b) is a motion grounded in equity and exists 'to prevent the judgment from becoming a vehicle of injustice.' " *Id.* (quoting *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)). When evaluating a request for relief under Rule 60(b), an "important equitable consideration is whether the litigants received a ruling on the merits of their claim." *MIF Realty*, 92 F.3d at 756. Ultimately, the decision to grant relief under Rule 60(b) is "committed to the sound discretion of the trial court." *Id.* at 755.

---

471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

### A. Relief under Rule 60(b)(3).

Under Rule 60(b)(3), a court can provide a party with relief from a final judgment if the judgment is the result of fraud, misrepresentation, or some other type of misconduct by an adverse party. Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, the movant must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (quoting *Harley*, 413 F.3d at 870).

Lytle argues that he is entitled to relief under Rule 60(b)(3) due to misconduct by officers of the United States. Specifically, Lytle argues that government officials lacked the authority to contact Tri Tech, a manufacturer and distributor of QLasers, and demand that Tri Tech refrain from repairing or manufacturing additional QLasers. Docket 180 at 2-3; Docket 181 at 2-3. Tri Tech is a company that falls under the definition of "Associated Persons" as defined in the Amended Permanent Injunction. Docket 139 at 3. Because Tri Tech received actual notice of the Amended Permanent Injunction, Docket 142-6 at 1, it is subject to the provisions of the Amended Permanent Injunction. Because the Amended Permanent Injunction applies to Tri Tech, there was no misconduct by officers of the United States in contacting Tri Tech to enforce the Amended Permanent Injunction.

Lytle also appears to make several arguments that challenge whether he received a full and fair opportunity to litigate his claims. For example, Lytle

11

contends that Chief Judge Viken acted as the attorney for the United States in an effort to deny Lytle his rights to due process, a fair and impartial trial, and his right to a jury trial. Docket 164 at 20-22; Docket 185 at 4-6. But, Lytle offers no evidence to show that Chief Judge Viken acted as an attorney for the United States, and Lytle had every opportunity to fully and fairly litigate this matter. Lytle filed numerous motions, participated in the preliminary injunction hearing, had a trial on the permanent injunction,[7] attended a two-part show cause hearing where he was represented by counsel, and twice appealed his case to the Eighth Circuit Court of Appeals. Thus, because Lytle has not shown by clear and convincing evidence that the United States engaged in fraud or misconduct that prevented him from fully and fairly litigating his claims, Lytle's motions seeking relief under Rule 60(b)(3) are denied. *Cf. Murphy v. Mo. Dept. of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (denying Rule 60(b)(3) relief where appellant, who proceeded *pro se* at trial, did not show that an affidavit that was submitted at the summary judgment stage and he later contradicted, "even if fraudulent, prevented him from fairly presenting his case").

### B. Relief under Rule 60(b)(4).

Federal Rule of Civil Procedure 60(b)(4) allows courts to provide parties with relief from a prior judgment when the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner

---

[7] As noted in note 2, *supra*, Lytle originally participated in the bench trial before voluntarily absenting himself from the remainder of the trial.

12

inconsistent with due process of law." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862 (3d ed.). "A judgment is not void merely because it is erroneous." *Id.* If a court determines that the judgment is void, relief under Rule 60(b)(4) must be ordered. *Id.* ("There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). . . . Either a judgment is void or it is valid.").

Lytle makes several arguments in his motions seeking relief under Rule 60(b) that simply restate his argument that the court lacks subject matter jurisdiction over this action and lacks personal jurisdiction over him. *See, e.g.*, Docket 164 at 4-17. As discussed previously, the Eighth Circuit Court of Appeals has twice rejected Lytle's arguments on this point. *Lytle*, 612 F. App'x at 861-62; *2035, Inc.*, 668 F. App'x at 679. Thus, Lytle's argument that the Amended Permanent Injunction is void because the court lacked jurisdiction to enter the injunction fails. *See supra* at 6-9; *see also Broadway*, 193 F.3d at 990 (stating that Rule 60(b) "is not a vehicle for a simple reargument on the merits").

Lytle's arguments that the Amended Permanent Injunction is void because his due process rights were violated also fail. Lytle's main complaint is that he was denied his right to have a jury trial and conduct *voir dire*. *See* Docket 164 at 20-23; Docket 180 at 4; Docket 181 at 4; Docket 185 at 3-6. But, as Chief Judge Viken previously concluded, "Lytle has no right to a jury trial in this proceeding seeking injunctive relief." Docket 52 at 4; *see also Taylor Corp. v. Four Seasons Greetings, LLC.*, 403 F.3d 958, 969 (8th Cir. 2005)

(concluding that the defendant "was not entitled to a jury trial on [plaintiff's] action seeking only a permanent injunction"). Further, Lytle's contention that this court is not an Article III Court and that Chief Judge Viken is not an Article III Judge, Docket 164 at 17-18, is frivolous and also does not justify granting relief from the injunction under Rule 60(b)(4). *See Goldsmith v. Dooley*, No. 11-4181-KES, 2012 WL 1493760, at *2 (D.S.D. Apr. 27, 2012) (denying Rule 60(b)(4) motion where the argument for relief was that the court and judge lacked authority to enter a judgment under Article III of the United States Constitution).

### C. Relief under Rule 60(b)(5).

Under Federal Rule of Civil Procedure 60(b)(5), a court can provide a party with relief from a final judgment if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In order to obtain relief from an injunction, the burden is on the party seeking relief to "identify changed circumstances that shift the equitable balance in their favor under Rule 60(b)(5)." *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 715 (8th Cir. 2011). Even though Rule 60(b)(5) allows relief from an injunction if the injunction's prospective application is inequitable, the rule is not meant to be a substitute for appeal. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2863 (3d ed.); *see also id.* (stating that Rule 60(b)(5) "does not allow relitigation of issues that

have been resolved by the judgment" and requires a party to show "some change in conditions that makes continued enforcement inequitable").

Several of Lytle's pending motions argue that he is entitled to relief from the Amended Permanent Injunction because there has been no showing that any individual was ever harmed by using a QLaser. Docket 164 at 18-20; Docket 180 at 2; Docket 181 at 2; Docket 185 at 2-3. The court interprets Lytle's arguments to mean that it would be inequitable to allow the injunction to continue and, therefore, relief is warranted under Rule 60(b)(5). Lytle's argument, however, is refuted by expert testimony that was presented by Dr. Ilko Ilev at the permanent injunction trial. Docket 88 at 170 (describing how one of the lasers produced by Lytle was so powerful that direct contact of the laser to an individual's eye could "cause permanent or temporal blindness"). Also, Lytle has made no showing that there was a change in circumstances, change in governing law, or satisfaction of the injunction that would justify granting relief under Rule 60(b)(5). Thus, because Lytle's arguments are a relitigation of the Amended Permanent Injunction, he is not entitled to relief from the injunction under Rule 60(b)(5). *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2863 (3d ed.) ("It is clear that a strong showing is required before an injunction or other prospective judgment will be modified [under Rule 60(b)(5)]. Mere passage of time is not enough.").

have been resolved by the judgment" and requires a party to show "some change in conditions that makes continued enforcement inequitable").

Several of Lytle's pending motions argue that he is entitled to relief from the Amended Permanent Injunction because there has been no showing that any individual was ever harmed by using a QLaser. Docket 164 at 18-20; Docket 180 at 2; Docket 181 at 2; Docket 185 at 2-3. The court interprets Lytle's arguments to mean that it would be inequitable to allow the injunction to continue and, therefore, relief is warranted under Rule 60(b)(5). Lytle's argument, however, is refuted by expert testimony that was presented by Dr. Ilko Ilev at the permanent injunction trial. Docket 88 at 170 (describing how one of the lasers produced by Lytle was so powerful that direct contact of the laser to an individual's eye could "cause permanent or temporal blindness"). Also, Lytle has made no showing that there was a change in circumstances, change in governing law, or satisfaction of the injunction that would justify granting relief under Rule 60(b)(5). Thus, because Lytle's arguments are a relitigation of the Amended Permanent Injunction, he is not entitled to relief from the injunction under Rule 60(b)(5). *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2863 (3d ed.) ("It is clear that a strong showing is required before an injunction or other prospective judgment will be modified [under Rule 60(b)(5)]. Mere passage of time is not enough.").

### D. Relief under Rule 60(b)(6).

Rule 60(b)(6) is a catch-all provision and allows courts to provide a party with relief from a judgment for any reason that is not covered by one of the other Rule 60(b) exceptions. Fed. R. Civ. P. 60(b)(6). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871. "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson*, 43 F.3d at 373. Relief under Rule 60(b)(6) is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).

The sum of Lytle's various Rule 60(b) arguments is that he believes that the process used by the United States to obtain injunctive relief was unfair. *See, e.g.*, Docket 164 at 18-23; Docket 185 at 6. In making this argument, however, Lytle fails to identify any sort of exceptional circumstance that demonstrates how he failed to receive a fair opportunity to litigate his claim or failed to receive adequate redress. This is because the record clearly demonstrates that Lytle had every opportunity to litigate this claim and obtain adequate redress. *See supra* at 11-12 (describing the numerous proceedings that Lytle participated in). Unfortunately for Lytle, both Chief Judge Viken and

the Eighth Circuit Court of Appeals disagreed with Lytle's claims and concluded that this court had personal and subject matter-jurisdiction and that the Amended Permanent Injunction was appropriate and necessary. Because Lytle fails to show how these prior decisions are anything other than "unfavorable consequences [that are] the result of an adverse judgment properly arrived at," *Atkinson*, 43 F.3d at 373, Lytle's requests for relief under the catch-all provision of Rule 60(b)(6) are denied.

### III. Remaining Motions.

Still pending are two motions filed by Lytle (Dockets 189 and 191) and one motion filed by the United States (Docket 168). The United States's motion for a stay is moot because Lytle's ninety days for filing a petition for writ of certiorari to the United States Supreme Court from the final judgment of the Eighth Circuit Court of Appeals has passed. 18 U.S.C. § 2101(c) (parties in civil actions have ninety days to file a writ of certiorari with the Supreme Court following the entry of a final judgment or decree). Lytle's remaining motions either restate arguments previously addressed by the court or are frivolous and do not cite to a statute or case that demonstrates Lytle is entitled to the relief he seeks. Therefore, each of these motions is denied.

## CONCLUSION

Lytle's various motions challenging the court's subject-matter jurisdiction over this action and the court's personal jurisdiction over him are barred by the law of the case doctrine and are denied. Lytle's motions seeking relief from the Amended Permanent Injunction under Rule 60(b) of the Federal

17

Rules of Civil Procedure are denied because no specific provision of Rule 60(b) entitles Lytle to relief from the Amended Permanent Injunction. All of Lytle's remaining motions are either procedurally improper or do not demonstrate a basis that entitles Lytle to relief and are denied as discussed above.

Thus, it is ORDERED:

1. Lytle's motion for relief of judgment (Docket 164) is denied.
2. Lytle's motion to compel (Docket 165) is denied.
3. The United States's motion to stay (Docket 168) is denied as moot.
4. Lytle's motion to drop improper parties (Docket 170) is denied.
5. Lytle's emergency motion for immediate relief of sections of the amended permanent injunction (Docket 180) is denied.
6. Lytle's second emergency motion for immediate relief of sections of the amended permanent injunction (Docket 181) is denied.
7. Lytle's motion to dismiss (Docket 185) is denied.
8. Lytle's motion to dismiss and notice and demand for prepayment (Docket 187) is denied.
9. Lytle's motion to bar (Docket 189) is denied.
10. Lytle's motion to strike (Docket 191) is denied.

DATED May 4, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE