UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2035 INC., a corporation, and<br>ROBERT L. LYTLE, an individual<br>d/b/a 2035 PMA and QLASERS PMA,<br><br>Defendants. | 5:14-CV-05075-KES<br><br><br>ORDER DENYING MOTION<br>TO ALTER OR AMEND JUDGMENT<br>AND DENYING OTHER MOTIONS |

Defendant Robert L. Lytle moves the court to alter or amend its judgment entered on May 4, 2017. Dockets 194 and 194-1.[1] Lytle has also filed several other motions that primarily seek to challenge the court's personal and subject-matter jurisdiction. Dockets 197, 200, 201, 205, and 206. Plaintiff, the United States, opposes Lytle's motions. For the reasons that follow, the court denies each of Lytle's pending motions.

**BACKGROUND**

The procedural history of this case is set forth more fully in the court's May 4, 2017 order. *See* Docket 193 at 1-6. The following facts are relevant to the pending motions:

---

[1] Dockets 194 and 194-1 were originally filed separately by Lytle. Because it is clear from a review of the documents that Dockets 194 and 194-1 were intended to be filed as a single document, the court will consider these documents together. As such, the court's citations to these documents will all be listed as "Docket 194." Pin cites, where necessary, will point to the page numbers provided by Lytle in Dockets 194 and 194-1.

On October 21, 2014, the United States filed a complaint seeking a permanent injunction against the defendants under 21 U.S.C. § 332(a) for alleged violations of the Federal Food, Drug and Cosmetic Act (FDCA) and a motion for a preliminary injunction seeking to enjoin defendants from violating the FDCA during the pendency of the proceedings. Dockets 1 and 4. Lytle responded to the complaint and request for a preliminary injunction by challenging the court's personal and subject-matter jurisdiction. Dockets 37 and 40. On January 14, 2015, Chief Judge Jeffrey L. Viken entered an order denying Lytle's jurisdictional challenges and entering a preliminary injunction against defendants. Dockets 47 and 48. On January 26, 2015, Lytle filed an interlocutory appeal to the Eighth Circuit Court of Appeals challenging the court's jurisdiction and the preliminary injunction. Docket 54.

While Lytle's interlocutory appeal was pending, litigation on the United States's request for a permanent injunction continued. A bench trial on the permanent injunction was held on March 3-4, 2015. Docket 81. On April 15-16, 2015, a show cause hearing was held to determine whether to hold Lytle in contempt of court for alleged violations of the preliminary injunction. Docket 103. This hearing, however, was continued until October 6, 2015, so Lytle could retain counsel to deal with potential Fifth Amendment consequences resulting from the United States's decision to call Lytle adversely. *Id.*

On August 21, 2015, the Eighth Circuit issued an opinion on Lytle's interlocutory appeal. *Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861 (8th Cir. 2015) (*per curiam*). In its opinion, the Eighth Circuit affirmed

Chief Judge Viken's finding that the court had jurisdiction over Lytle and his actions. *Id.* at 861-62. But the Eighth Circuit remanded the preliminary injunction for the court to determine "whether a more narrowly-tailored injunction might be sufficient . . . ." *Id.* at 863. The Eighth Circuit also observed that reconsideration of the preliminary injunction on remand "may become moot" by the entry of a permanent injunction. *Id.*

Following the Eighth Circuit's decision, Lytle filed a motion in the district court seeking reconsideration of the preliminary injunction. Docket 128. The motion raised eight objections that challenged the scope of the preliminary injunction. *Id.*

On October 6, 2015, the show cause hearing resumed. Docket 136. At the hearing, after a discussion between the court and the parties, it was agreed that Chief Judge Viken would rule on each of Lytle's eight objections to the preliminary injunction and enter an order regarding a permanent injunction incorporating his rulings on Lytle's objections.[2] Docket 154 at 24-34. This in turn negated the need for Chief Judge Viken to determine whether to hold Lytle in contempt of court for allegedly violating the terms of the preliminary injunction because, as the Eighth Circuit had noted, entry of a permanent injunction would moot any issues remaining regarding the preliminary injunction. *Id.* Chief Judge Viken entered a permanent injunction in favor of

---

[2] Lytle, although represented by counsel at the hearing, was present for this discussion and did not object to his attorney's statement that Lytle would consent to entry of a permanent injunction if Chief Judge Viken addressed his eight objections to the preliminary injunction. Docket 154 at 23-24, 28-34.

3

the United States at the conclusion of this hearing. Docket 138. The permanent injunction was amended on October 13, 2015, to make grammatical and non-substantive revisions. Docket 139 (Amended Permanent Injunction).

Following the entry of the Amended Permanent Injunction, Lytle's attorney withdrew from his representation of Lytle with Lytle's consent. Docket 143. On December 3, 2015, Lytle filed a notice of appeal of the Amended Permanent Injunction. Docket 147. On September 6, 2016, the Eighth Circuit affirmed Chief Judge Viken's entry of the Amended Permanent Injunction. *United States v. 2035, Inc.*, 668 F. App'x 679 (8th Cir. 2016) (*per curiam*). In the opinion, the Eighth Circuit found that the court had jurisdiction to enter a permanent injunction. *Id.* at 679 (citations omitted). The Eighth Circuit also concluded that Chief Judge Viken's Amended Permanent Injunction order was sufficiently tailored to address Lytle's violations of the FDCA. *Id.* (citations omitted).

Following the Eighth Circuit's affirmance of the Amended Permanent Injunction, Lytle filed nine additional motions challenging the validity of the Amended Permanent Injunction and the court's jurisdiction over him.[3] Dockets 164, 165, 170, 180, 181, 185, 187, 189, 191. On May 4, 2017, this court entered an order denying each of Lytle's attempts to avoid enforcement of the Amended Permanent Injunction and concluding that jurisdiction over Lytle and his case was appropriate. *See* Docket 193.

---

[3] This case was reassigned to this court on October 25, 2016. Docket 167.

4

**LEGAL STANDARD**

The law of the case doctrine is "a means to prevent the relitigation of a settled issue in a case." *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (citing *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). "The doctrine 'requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" *Id.* (quoting *Bartsh*, 69 F.3d at 866). " '[T]he doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Thompson v. Comm'r*, 821 F.3d 1008, 1011 (8th Cir. 2016) (quoting *Gander Mountain Co.*, 540 F.3d at 830). "Although a court should not reopen issues already decided, if a prior decision 'is clearly erroneous and would work a manifest injustice,' reopening may be appropriate." *Id.* (quoting *Wong v. Wells Fargo Bank, N.A.*, 789 F.3d 889, 898 (8th Cir. 2015) *cert. denied* 136 S. Ct. 507 (2015)).

"Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v.*

*Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). " 'Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Id.* (quoting *Hagerman*, 839 F.2d at 414). District courts have broad discretion when considering whether to grant a motion to amend or alter a judgment under Rule 59(e). *Id.*

## DISCUSSION

### I. Lytle's Motion to Amend or Alter Judgement

Under Federal Rule of Civil Procedure 59(e), parties have 28 days after a judgment is entered to move to alter or amend the judgment. Fed. R. Civ. P. 59(e). Here, Lytle timely filed his Rule 59(e) motion by filing it on May 17, 2017. *See* Docket 194. Lytle's Rule 59(e) motion, which seeks to alter or amend the court's May 4, 2017 order, raises eight grounds that Lytle believes entitle him to relief.[4] *See id.* at 2. The United States opposes Lytle's motion to alter or amend the court's judgment, arguing that Lytle's motion is barred under the law of the case doctrine because the motion raises arguments similar to arguments Lytle raised in previous motions before this court and in his briefs before the Eighth Circuit. Docket 196 at 1-2.

In order for the law of the case doctrine to apply here, the arguments raised by Lytle in his Rule 59(e) motion must actually have been decided by

---

[4] The eight grounds, as described by Lytle, are: (1) Lack of *in personam* or personal jurisdiction; (2) Improper venue; (3) Lack of subject-matter jurisdiction; (4) Improper plaintiff; (5) Denial of constitutionally secured rights; (6) Void judgment (injunction); (7) Inappropriate use of commercial law and corporate decisions; and (8) Statute of limitations. Docket 194 at 2.

6

this court or by the Eighth Circuit. 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478 (2d ed. 2002) ("Actual decision of an issue is required to establish the law of the case. Law of the case does not reach a matter that was not decided."). In determining whether an issue was actually decided, however, the prior decision need not be express. *See id.* (observing that while implicit decisions can suffice for the application of the law of the case doctrine, "a terse decision is even more clearly the law of the case because it does not require a determination whether actual decision can be inferred"). This is because the purpose of the law of the case doctrine is " 'to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.' " *Gander Mountain Co.*, 540 F.3d at 830 (quoting *Bartsh*, 69 F.3d at 866); *see also* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478 (2d ed. 2002) (observing that the principles of the law of the case doctrine rest "on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards").

Having reviewed Lytle's Rule 59(e) motion, the court agrees with the United States that Lytle's motion restates arguments that have been rejected by the Eighth Circuit and by this court. *See Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861 (8th Cir. 2015) (*per curiam*); *United States v. 2035, Inc.*, 668 F. App'x 679 (8th Cir. 2016) (*per curiam*); Dockets 47, 52, 99, 139, 193. In fact, the arguments raised by Lytle here are nearly identical to the arguments he raised in his most recent appeal before the Eighth Circuit.

7

*See* Docket 196 at 2 (listing citations to identical arguments Lytle raised in his briefs before the Eighth Circuit). In rejecting Lytle's various arguments seeking to avoid enforcement of the Amended Permanent Injunction, the Eighth Circuit observed:

> Having reviewed the record and the parties' arguments on appeal, we conclude that the only issues before us are whether subject matter jurisdiction exists and whether Lytle's preserved objections to the permanent injunction have merit. *See Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986) (where parties agreed to entry of order or judgment without reservation of issues sought to be appealed, one party may not later seek to upset judgment unless lack of consent or failure of subject matter jurisdiction is alleged; merits may be considered where party preserved issue).

*2035, Inc.*, 668 F. App'x at 679-80. Thus, because the Eighth Circuit considered and rejected the arguments that Lytle raises again here, this court is bound to follow the Eighth Circuit's decision and reject Lytle's arguments under the law of the case doctrine.[5]

Further, even if Lytle's Rule 59(e) motion raises arguments that were not previously rejected by the Eighth Circuit or this court, he still is not entitled to relief from the May 4, 2017 order. As indicated previously, Rule 59(e) motions cannot be used to introduce new evidence, offer new legal theories, or raise arguments that could have been raised prior to entry of judgment. *Metro. St. Louis*, 440 F.3d at 933. And motions to alter or amend a judgment can also be denied where amendment of the judgment would serve no useful purpose.

---

[5] In order for this court to reconsider these issues, Lytle would also need to show that the Eighth Circuit's decision was clearly erroneous and that he would suffer a manifest injustice if the issues were not reexamined. *See Thompson*, 821 F.3d at 1011. Lytle has not made this showing.

8

11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed. 2012). Thus, because Lytle's Rule 59(e) motion fails to raise an issue warranting relief, and because there were no manifest errors of law or fact in the court's May 4, 2017 order, alteration or amendment of the judgment would serve no useful purpose and Lytle's request for relief under Rule 59(e) is denied.[6]

## II. Lytle's Remaining Motions

Remaining are several motions filed by Lytle that challenge the court's personal and subject-matter jurisdiction or seek to challenge the indictment filed in the criminal case 5:17-cr-50020-KES. Dockets 197, 200, 201, 205, and 206. The United States opposes these motions and argues that Lytle's motions either fail under the law of the case doctrine or are not related to the present civil action. *See* Dockets 203, 204, 207.

The United States is correct that Lytle's continued attempts to challenge the court's jurisdiction over him and this case must fail under the law of the case doctrine. Lytle's motions to dismiss here are similar to other motions he has filed challenging the court's jurisdiction over him and this case. *See* Dockets 37, 40, 79, 144, 145, 165, 170. Not only has this court denied Lytle's motions to dismiss his case on jurisdictional grounds, Dockets 47, 96, 153, 193, but the Eighth Circuit has twice denied Lytle's appeals in which he argued there was a lack of jurisdiction. *See Lytle*, 612 F. App'x at 862 ("That a

---

[6] The result here would be the same if Lytle moved for relief under Federal Rule of Civil Procedure 60(b)(2). *See Metro. St. Louis*, 440 F.3d at 933 n.3 (stating that motions under Rule 59(e) and Rule 60(b)(2) are analyzed identically).

9

product is sold through a PMA does not exempt it from the application of this provision."); *2035, Inc.*, 668 F. App'x at 679 ("We find that the district court had federal question jurisdiction over this action . . . ."). Thus, because the law of the case doctrine requires this court to adhere to settled issues in a case, Lytle's motions challenging the court's jurisdiction over him are denied.[7]

The United States is also correct to argue that it would be inappropriate for Lytle to continue filing motions with this court in lieu of using the appellate process to challenge the Eighth Circuit's findings regarding jurisdiction over Lytle and his case. *Cf. In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000) ("Just as a Rule 60(b) motion cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a proper petition for review in the United States Supreme Court." (citation omitted)). If Lytle continues to believe that this court's and the Eighth Circuit's jurisdictional findings were incorrect, his remedy is to appeal the issue to the United States Supreme Court by filing a writ of certiorari.

---

[7] In an attempt to challenge the court's personal and subject-matter jurisdiction, Lytle filed several motions that he believes show that he is a national non-citizen as designated by the United States Department of State. Dockets 197, 205, 206. According to Lytle, because he is a national non-citizen, the Foreign Services Immunity Act of 1976 (FSIA), 28 U.S.C. §§ 1603, 1604 (2012), prevents him from being subject to personal or subject-matter jurisdiction for disputes arising in the United States. *See* Docket 197 at 3; Docket 206 at 3. Unfortunately for Lytle, excluded from the FSIA's definition of "agency or instrumentality of a foreign state[,]" is "a citizen of a State of the United States[.]" 28 U.S.C. § 1603. And Lytle affirms that he is a citizen of the United States. *See* Docket 197 at 3 ("As an American Citizen, a Citizen of South Dakota, [Lytle] claims immunity pursuant to the FSIA . . . .") (emphasis removed). Thus, the FSIA does not prevent this court from having personal and subject-matter jurisdiction over Lytle and his case.

The other motions filed by Lytle (Dockets 200 and 201) are a petition to the clerk of court and a corrected petition to the clerk of court. Both of these petitions reference the Federal Rules of Criminal Procedure and seek from the clerk of court evidence "showing that the document purported to be the indictment creating a related criminal case arising from this instant civil action, case number 5:17-cr-50020-KES, was returned in open court as required by procedure and law . . . ." Docket 201 at 1; *see also* Docket 200 at 1. Because Lytle's motions relate to his criminal case, and not this civil case, the United States contends that a response is not necessary to Lytle's motion. Docket 204.

In criminal case 5:17-cr-50020-KES, Lytle filed a motion to dismiss the indictment. *See* 5:17-cr-50020-KES, Docket 98. The court denied Lytle's motion to dismiss because Lytle's criminal indictment was returned to a United States magistrate judge in open court by the grand jury foreperson as required by Rule 6(f) of the Federal Rules of Criminal Procedure. *See* 5:17-cr-50020-KES, Docket 102. Thus, because the court already denied Lytle's motion to dismiss his indictment in his criminal case, Lytle's current motions to the clerk of court requesting evidence that his criminal indictment was returned to a magistrate judge in open court by the grand jury foreperson are moot.

## CONCLUSION

Lytle's various motions challenging the court's subject-matter jurisdiction over this action and the court's personal jurisdiction over him are barred by the law of the case doctrine and are denied. And Lytle's motion

11

seeking to alter or amend the court's May 4, 2017 under Rule 59(e) of the Federal Rules of Civil Procedure—to the extent that the motion is not barred by the law of the case doctrine—is denied because Lytle has failed to show that alteration or amendment of the judgment would serve a useful purpose. Lytle's motions seeking to challenge the indictment filed in his criminal case are denied as moot because they do not relate to the instant civil case and because the court previously denied a similar request in his criminal case. *See* 5:17-cr-50020-KES, Docket 102.

Thus, it is ORDERED:

1. Lytle's motion rebutting presumptions, correcting errors, and notice of fraud and deceit (Dockets 194 and 194-1) is denied.

2. Lytle's emergency petition for recognition of status (Docket 197) is denied.

3. Lytle's petition to the clerk of court and corrected petition to the clerk of court (Dockets 200 and 201) are denied as moot.

4. Lytle's declaration of nationality (Docket 205) is denied.

5. Lytle's emergency petition for proof of jurisdiction or demand to dismiss for lack of jurisdiction (Docket 206) is denied.

DATED November 30, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE